OPINION OF THE COURT
Ernest L. Signorelli, S.
In these contested guardianship proceedings, the parties have settled their differences, pursuant to the terms of a stipulation of settlement filed with the court providing, inter alia, that the pending proceedings be converted to applications for the appointment of the petitioner as donee of a power to manage the infants’ funds during their minority.
*944 The petitioner herein is the infants’ paternal grandmother. The infants’ father died, testate, on the 8th day of November 1985, and their mother is still alive.
Pursuant to the provisions of his last will and testament, the infants’ father devised and bequeathed his entire estate in equal shares per stirpes to his two children, and nominated and appointed his mother as guardian of their property. As a consequence thereof, on the 22nd day of April 1987, the infants’ paternal grandmother petitioned the court for the issuance to her of letters of guardianship of the property of the infants’ funds derived from their late father’s estate. Subsequent thereto, on the 29th day of June 1987, the infants’ mother filed objections to the relief requested by the petitioner, and simultaneously cross-petitioned for the issuance to her of letters of guardianship of the property of the infants.
Thereafter, the matter was settled in accordance with the terms of a stipulation of settlement filed with the court providing, inter alia, for the appointment of the infants’ paternal grandmother as donee of a power in trust with respect to the property of the infants.
SCPA 1714 provides as follows: "The donee of a power to manage during minority property vested in an infant resulting from an ineffectual attempt by will or deed to appoint the donee as guardian shall be subject to the provisions of this article. In respect of such property he shall have all the rights and duties of a guardian and shall be entitled to receive the commissions allowed to a guardian.” Therefore, where a testator nominates someone, other than a surviving parent, as guardian of his children, such appointment is ineffective, and instead, vests in the nominee the power to manage the infants’ funds during their minority, with the same rights and duties attendant thereto as a guardian of the property. (See also, Domestic Relations Law § 81.)
Accordingly, Gladys Lewis, the infants’ paternal grandmother, is hereby appointed donee of a power to manage the infants’ property during their minority, and, in such capacity, is hereby directed to collect and receive all funds passing to the infants pursuant to the terms of the decedent’s will, and to hold such funds jointly with the Chief Clerk of the Surrogate’s Court, in accordance with the provisions of SCPA article 17.